# STATE SUPREME COURT
## Judges, Officers, Proceedings, Sessions and Opinions

## SUPREME COURT of OHIO
### COLUMBUS

Chief Justice—C. T. Marshall, Zanesville.

Judges—R. M. Wanamaker, Akron; Thomas A. Jones, Columbus; Edward S. Matthias, Van Wert; James E. Robinson, Marysville; Florence E. Allen, Cleveland; Robert H. Day, Massillon.

Clerk—Seba H. Miller, Springfield.

Deputy Clerks—Thos. J. Edwards, Lawrence J. Corcoran.

Regular Term—First Tuesday after first Monday of January, at Columbus.

Reporter—John W. L. Henney, Columbus; Bell.

Assistant Reporters—Clinton Collins, H L. Connett, Columbus.

### LAW LIBRARY

Librarian—Louis McCallister, Columbus.

Assistants—Robert L. Hoyt, James P. Martindale, A. W. Buckmaster, W. W. McDonald, all of Columbus; Philip Allen, New Lexington.

---

### DECIDED CASES
#### SYLLABI

No. 17705—The Van Dorn Iron Works Co. v. The Erie-Huron Realty Co., et al.

No. 17710—The Erie-Huron Realty Co. v. The Van Dorn Iron Works Co., et al. Error to the Court of Aappeals of Cuyahoga county.

JURY TRIAL—(1) Waiver of, by conduct—Not after judgment—(2) APPEAL—Action for money and mechanic's lien joined, but lien held invalid, not allowed—(3) MECHANIC'S LIEN—Right of stair contractor to lien.

MATTHIAS, J.

1. In a civil action for judgment for money a trial by jury may be waived, not only by express stipulation of the parties or their attorneys, or statement in open court, but also by their conduct in submitting the cause to the court without objection; and an objection thereto cannot successfully be made after such submission and judgment of the court. (Bonewitz v. Bonewitz, 50 Ohio St., 373, approved and followed.)

2. Where, in an action for judgment for money, in which by a second cause of action a mechanic's lien is asserted and foreclosure thereof sought, the common pleas court renders a personal judgment against the defendant, but holds the lien invalid, an appeal taken by the defendant from such personal judgment to the Court of Appeals should be dismissed upon motion of the plaintiff.

3. A contract entered into by a company with an owner, whereby for a stipulated consideration the former agrees to furnish and erect in the building of the latter flights of pressed steel stairs extending from the basement to the fourth floor of the building, constitutes such company a contractor under the mechanic's lien law of the state, and upon performance thereof in order to perfect a lien thereunder a compliance with the provisions of Section 9312, General Code, is essential.

Case No. 17705—Judgment reversed.

Case No. 17710—Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones, Day and Allen, JJ., concur.

No. 17813—Henry Eledstein et al., Partners, etc. v Claude H. Cook. Error to the Court of Appeals of Cuyahoga county.

NEGLIGENCE—(1) Sale of injurious drug to a customer—Recovery authorized—(2) Negligence presumed—Prima facie case established.

JONES, J.

1. Where it is alleged that a drug clerk by mistake sold and delivered an injurious drug to a customer instead of a harmless drug asked for, and the customer had innocently swallowed the former upon the reliance and belief that he was taking the latter and was caused great pain and suffering thereby, a cause of action is stated authorizing recovery.

2. In such a case negligence is presumed; proof of the facts above stated establishes a case of prima facie negligence entitling a recovery unless such presumption is rebutted.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Matthias Day and Allen, JJ., concur.

---

No. 17914—Rob rt Murphy v. The City of Toledo Error to the Court of Appeals of Lucas county.

No. 17858—John A. Harding v. City of Bowling Green. Error to the Court of Appeals of Wood county.

MUNICIPAL LAW—(1) Constitutional authority—(2) Control and use of streets—Grant of power self evecuting—(4) Exercise of power under Sec. 3

WANAMAKER, J.

1. Municipalities have full power to regulate or control the use of their own streets.

2. In such control or regulation a municipality may make any reasonabl classification of vehicular traffic in the use of said streets.

3. The judgment of a legislative body as to a reasonable classification cannot be questioned, except when it is in clear conflict with some express provision of state or federal constitution.

Judgment affirmed.

Marshall, C. J., Day and Allen, JJ., concur. Robinson, J., concurs in proposition 2 of the syllabus and in the judgment in cause No. 17914. Jones and Matthias, JJ., concur in the judgement in cause No 17914. Matthias, J., concurs in the judgment in cause No. 17858.

---

No. 17773—The Village of Perrysburg v. W. E Ridgeway, a taxpayer, etc. Error to the Court of Appeals of Lucas county.

MUNICIPAL LAW—(1) Control of streets—(2) Classification of traffic—(3) Conflict of law. Art. XVIII, of Const., not dependent upon adoption of a charter—(5) Power granted to both charter and non-charter municipalities—Toledo v. Lynch 88 OS. 71, disapproved as to home rule powers—(6) Ordinance denying motor bus station is valid

WANAMAKER, J.

1. Since the Constitution of 1912 became operative, all municipalities derive all their "powers of local self-government" from the constitution direct by virtue of Section 3, Article XVIII, thereof.

2. The power to establish, open, improve. maintain and repair public streets within the municipality, and fully control the use of them, is included within the term "power of local self-government."

3. The above constitutional grant of power to municipalities is self-executing in the sense that no legislative action is necessary in order to make it available to the municipality.

4. The exercise of "all powers of local self-government," as provided in Article XVIII, Section 3, is not in any wise dependent upon or conditioned by Section 7, Article XVIII, which provides that "a municipality may adopt a charter," etc.

5. The grant of power in Section 3, Article XVIII, is equally to municipalities that do adopt a charter as well as those that do not adopt a charter, the charter being only the mode provided by the constitution for a new delegation or distribution of the powers already granted in the constitution. (State, ex rel. City of Toledo, v. Lynch,, Aud., 88 Ohio St., 71, disapproved upon the proposition that a charter is a prerequisite to the exercise of home-rule powers under Section 3, Article XVIII.)

6. A municipal ordinance denying to a motor bus company for hire the right to use a municipal street for the purpose of a motor bus stop or station to let off or take on passengers is within the constitutional grant of municipal power and therefore is a valid ordinance.

Judgment reversed.

Marshall, C. J., Day and Allen, JJ., concur. Robinson, Jones and Matthias, JJ., dissent.